UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DEQUANDRE HUNT,
  Plaintiff,

v.

ASHLEY BRAULT, *et al.*,
  Defendants.

Case No. 19-11994
Honorable Stephanie Dawkins Davis
Magistrate Judge Elizabeth A. Stafford

## REPORT AND RECOMMENDATION TO DISMISS PLAINTIFF'S COMPLAINT WITH PREJUDICE FOR FAILURE TO PROSECUTE

### I. Introduction

Plaintiff DeQuandre Hunt, a prisoner proceeding pro se, sues Defendants Ashley Brault and A. Childs under 42 U.S.C. § 1983, alleging misconduct arising from prison disciplinary proceedings.  ECF No. 1.  The Honorable Stephanie Dawkins Davis referred the case to the undersigned for all pretrial matters under 28 U.S.C. § 636(b)(1).  ECF No. 16.  The Court now recommends that Hunt's complaint be dismissed with prejudice for failure to prosecute.

### II. Background

In February 2022, Brault and Childs moved for summary judgment. ECF No. 21.  The Court ordered Hunt to respond by March 15, 2022.  ECF No. 22.  Three weeks after the response deadline, Hunt moved for an

enlargement of time to respond because his prison facility "just came off Covid-19 outbreak status" and the "law library just opened back up."  ECF No. 23, PageID.144.  Although Hunt did not explain why he did not move for the extension in a timely manner, the Court granted him an extension and ordered him to file a response by May 17, 2022.  ECF No. 24.

The order granting the extension was mailed to Hunt at his Alger Maximum Correctional Facility address of record, but it was returned as undeliverable: the "[f]orwarding expired."[1]  ECF No. 25, PageID.150.  The Court gave Hunt notice of his responsibility to apprise the Clerk of Court of any changes of address, as required by E.D. Mich. LR 11.2.  ECF No. 5.  If Hunt's address changed, he must file a notice with the Clerk and serve a copy on all parties; the Court warned that "[f]ailure to promptly notify the court of a change in address or other contact information may result in the **dismissal** of [his] case."  *Id.* (emphasis in original).  But Hunt provided no notice with a change of address.

---

[1] Hunt has a history of expired forwarding addresses.  In November 2021, an order lifting stay of Hunt's case—mailed to his address of record at Alger Maximum Correctional Facility—was returned as undeliverable.  ECF No. 13; ECF No. 15.  The "date for forwarding expired."  ECF No. 15.  But later filings—defendants' motion for summary judgment and this Court's order requiring a response—were not returned as undeliverable.  And Hunt requested an extension of time to file a response to the motion for summary judgment, permitting a reasonable inference that Hunt received defendants' motion and this Court's order at his address of record.

### III.    Analysis

If a plaintiff fails to prosecute an action, it can be dismissed either under the Court's inherent power to control its docket or involuntarily under Federal Rule of Civil Procedure 41(b).  *Link v. Wabash R. Co.*, 370 U.S. 626, 629-632, (1962) ("The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted.").  The authority to dismiss a plaintiff's case for failure to prosecute is available to the district court "as a tool to effect management of its docket and avoidance of unnecessary burdens on the tax-supported courts and opposing parties."  *Schafer v. City of Defiance Police Dep't.,* 529 F.3d 731, 736 (6th Cir. 2008) (quoting *Knoll v. AT&T*, 176 F.3d 359, 363 (6th Cir. 1999)).  And this Court's local rules provide that when "the parties have taken no action for a reasonable time, the court may, on its own motion after reasonable notice or an application of a party, enter an order dismissing . . . the case unless good cause is shown."  E.D. Mich. LR 41.2.  Dismissal for want of prosecution is ordinarily with prejudice.  Rule 41(b); *Link*, 370 U.S. at 629.

The Sixth Circuit has set forth four factors to be used as guidance when deciding whether a case should be dismissed for failure to prosecute under Federal Rule of Civil Procedure 41(b): "(1) whether the party's failure

3

is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered." *Knoll*, 176 F.3d at 363.  Although Hunt is proceeding pro se, and thus is held to less stringent standards, the leniency granted is not boundless.  *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004).  "[P]ro se litigants are not to be accorded any special consideration when they fail to adhere to readily-comprehended court deadlines." *Bunting v. Hansen*, 05-10116-BC, 2007 WL 1582236 (E.D. Mich. May 31, 2007) (citing *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991)).

Analysis of the *Knoll* factors supports dismissal.  For the first factor, Hunt is at fault because he failed to respond to defendants' motion and this Court's order.  Considering that the order extending Hunt's response deadline until May was undelivered, Hunt would presumably believe his deadline to still be mid-March 2022—more than two months ago.  He has filed no response.  He also failed to provide the Court with an address with which to communicate with him, all of which shows willfulness or fault on Hunt's part.  After invoking the processes of this Court, he had an affirmative duty to apprise the Court of his mailing address and to monitor

4

the docket. *Yeschick v. Mineta*, 675 F.3d 622, 629 (6th Cir. 2012). His violation of that duty supports a dismissal for failure to prosecute.

Although there is no evidence that Brault and Childs were prejudiced by Hunt's inaction, the third and fourth factors weigh heavily in favor of dismissal. As to the third factor, Hunt was warned that his failure to notify the Court of a change of address could result in dismissal of his action. ECF No. 7. And there is no less drastic sanction available because the Court has no means of communicating with Hunt. "[I]t is the party, not the court, who bears the burden of apprising the court of any changes to his or her mailing address." *Yeschick*, 675 F.3d at 630. Thus, "dismissal is the only appropriate remedy because [Hunt] has effectively abandoned the case." *Gomez v. Deangelo*, 2020 WL 7038612, at *2 (E.D. Mich. April 2, 2020), *adopted*, 2020 WL 7024862 (E.D. Mich. Nov. 30, 2020) (internal quotations omitted).

## IV.   Conclusion

For these reasons, the Court **RECOMMENDS** that Hunt's complaint be **DISMISSED WITH PREJUDICE** for failure to prosecute.

s/Elizabeth A. Stafford
ELIZABETH A. STAFFORD
United States Magistrate Judge

Dated: May 23, 2022

5

## NOTICE TO THE PARTIES ABOUT OBJECTIONS

Within 14 days of being served with this report and recommendation, any party may serve and file specific written objections to this Court's findings and recommendations.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2).  If a party fails to timely file specific objections, any further appeal is waived.  *Howard v. Secretary of HHS*, 932 F.2d 505 (6th Cir. 1991)*.*  And only the specific objections to this report and recommendation are preserved for appeal; all other objections are waived.  *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir. 1991).

Each **objection must be labeled** as "Objection #1," "Objection #2," etc., and **must specify** precisely the provision of this report and recommendation to which it pertains.  Within 14 days after service of objections, **any non-objecting party must file a response** to the objections, specifically addressing each issue raised in the objections in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.  The response must be **concise and proportionate in length and complexity to the objections**, but there is otherwise no page limitation.  If the Court determines that any objections are without merit, it may rule without awaiting the response.

6

## **CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First-Class U.S. mail addresses disclosed on the Notice of Electronic Filing on May 23, 2022.

s/Marlena Williams
MARLENA WILLIAMS
Case Manager