UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DeQUANDRE HUNT,

    Plaintiff,

v.	Case No. 19-11994
    Honorable Linda V. Parker

ASHLEY BRAULT
and A. CHILDS,

    Defendants.
_____/

**<u>OPINION AND ORDER ADDRESSING MAGISTRATE JUDGE'S MAY 23, 2022 REPORT AND RECOMMENDATION (ECF NO. 26) AND PLAINTIFF'S OBJECTION (ECF NO. 27)</u>**

On July 3, 2019, Plaintiff DeQuandre Hunt, a state prisoner at the Alger Maximum Correctional Facility in Munising, Michigan ("LMF"), filed a *pro se* complaint under 42 U.S.C. § 1983. (ECF No. 1).  The complaint arises from prison disciplinary proceedings that occurred in 2016 at the Saginaw Correctional Facility in Freeland, Michigan ("SRF").  However, Plaintiff is now at the Bellamy Creek Correctional Facility in Iona, Michigan ("IBC").[1]

On July 7, 2019, the Court issued a Notice Regarding Parties' Responsibility to Notify Court of Address Changes.  (ECF No. 5.)  On January 31, 2020, the case

---

[1] *See* Offender Profile, Michigan Department of Corrections Offender Tracking Information System ("OTIS"), https://perma.cc/44YV-WGVV (last visited July 7, 2022).

was reassigned from Judge Stephen Murphy to Judge Stephanie Dawkins-Davis pursuant to Administrative Order 20-AO-010. On December 16, 2021, the Court received notice that its Order (ECF No. 13) was returned as undeliverable to Plaintiff. (ECF No. 15.) On December 17, 2021, the Court referred this matter to Magistrate Judge Elizabeth A. Stafford for all pretrial proceedings pursuant to 28 U.S.C. § 636(b)(1)(A)-(B). (ECF No. 16.)

On February 22, 2022, Defendants filed a motion for summary judgment (ECF No. 21), to which the Court ordered Plaintiff to submit a response (ECF No. 22). Plaintiff filed a motion requesting an extension of time to respond (ECF No. 23), which the Court granted extending the due date to May 17, 2022. (ECF No. 24.) However, this order was returned as undeliverable. (ECF No. 25.)

Before the Court is a Report and Recommendation (R&R) recommending that the Court dismiss Plaintiff's Complaint with prejudice for failure to prosecute (ECF No. 26) and Plaintiff's objection to the R&R (ECF No. 27). The Defendants have filed a response to the objection. (ECF No. 28.) Plaintiff has yet to file a response to the motion for summary judgment.

On June 16, 2022, the case was reassigned from Judge Dawkins-Davis to the undersigned pursuant to Administrative Order 22-AO-036. The notice of this reassignment was returned as undeliverable. (ECF No. 29.) Plaintiff has not formally provided updated contact information. For the reasons that follow, the

Court declines to dismiss the action and grants Plaintiff a second extension of time to file a response to Defendants' motion for summary judgment (ECF No. 21) within 60 days of this opinion and order.

## Applicable Law and Analysis

Rule 11.2 of the Local Rules of the Eastern District of Michigan authorizes the court to dismiss a case based upon a party's failure to keep the Court apprised of address changes and updated contact information.  The rule states:

> Every attorney and every party not represented by an attorney must include his or her contact information consisting of his or her address, e-mail address, and telephone number on the first paper that person files in a case.  If there is a change in the contact information, that person promptly must file and serve a notice with the new contact information.  The failure to file promptly current contact information may subject that person or party to appropriate sanctions, which may include dismissal, default judgment, and costs.

E.D. Mich. L.R. 11.2.  *Pro se* litigants have the same obligation as an attorney to notify the court of a change of address.  *See Carey v. King*, 856 F.2d 1439, 1441 (9th Cir. 1988)  Additionally, Federal Rule of Civil Procedure 41(b) authorizes a federal court to dismiss a case based upon the "failure of the plaintiff to prosecute or to comply with these rules or any order of the court[,]" and Rule 41.2 of the Local Rules of the Eastern District of Michigan authorizes the court to dismiss a case "when it appears that . . . the parties have taken no action for a reasonable time."  The Court may thus dismiss a civil action for failure to prosecute pursuant

to those rules.  *See Mulbah v. Detroit Bd. of Ed.*, 261 F.3d 586, 589 (6th Cir. 2001) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626 (1962)).

Here, however, Plaintiff has taken some reasonable action despite his duty to formally provide the Court with his current address or risk dismissal of his case. The Court notes that Plaintiff's most recent filings list his updated address at IBC. (*See* ECF No. 23 at Pg ID 145; ECF No. 27 at Pg ID 160.)  Further, Plaintiff may not have been aware that including the IBC address on his filing did not formally apprise the Clerk's Office and the Court of his correct address.

The Court has reviewed the R&R and Defendants' response to the objection highlighting Plaintiff's history of an expired forwarding address.  However, the Court will allow Plaintiff another opportunity to update his address and file a response to the motion.

## Conclusion

In short, the Court finds good cause not to dismiss the case at this time and extends the deadline for Plaintiff to file a response sixty (60) days from the entry of this Order.  Further, the Court reminds Plaintiff of his responsibility to apprise the Court of his address changes (*see* ECF No. 5) and will direct the Court's case

manager to forward a copy of a change of address form with this Order.

Accordingly,

**IT IS SO ORDERED**.

                                                  s/ Linda V. Parker
                                                  LINDA V. PARKER
                                                  U.S. DISTRICT JUDGE

Dated: July 15, 2022

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, July 15, 2022, by electronic and/or U.S. First Class mail.

                                                  s/Aaron Flanigan
                                                  Case Manager